# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR01-356 MJP |
|---|---|
| Plaintiff, | ORDER ON DEFENDANT'S MOTION FOR RULE 35(A) ILLEGAL SENTENCE CORRECTION |
| v. | |
| ROBERT DARRELL GWIN, | |
| Defendant. | |

The Court, having received and reviewed:

1. Defendant's Motion for Rule 35(a) Illegal Sentence Correction (Dkt. No. 110)

2. Government's Response to Defendant's Motion for Rule 35(a) Illegal Sentence Correction (Dkt. No. 112)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is DENIED.

**Background**

Following a three-day jury trial in June of 2002, Defendant was found guilty of Count 1: Carrying a Firearm in Commission of a Drug Trafficking Crime (in violation of 18 U.S.C. § 924(c)), Count 2: Possession of a Firearm as a Convicted Felon (in violation of 18 U.S.C. § 922(g)(1)), and Count 3: Possession of Cocaine Base with Intent to Distribute (in violation of 21 U.S.C. §§ 841(a)(1)) and 841(b)(1)(B)(2)). Additionally the jury returned a special verdict finding that the charged offense of possession of cocaine base with intent to distribute involved possession with intent to distribute 5 grams or more of cocaine base. Dkt. No. 69. At sentencing, Defendant received a sentence of 327 months on Counts 2 and 3, and a consecutive 60-month sentence on Count 1, for a total sentence of 387 months. Dkt. Nos. 73 and 74.

Defendant pursued a direct appeal, challenging the denial of his suppression motion and raising an ineffective assistance of counsel claim. His conviction was affirmed. *See* U.S. v. Bobby Darnell Gwin, 78 Fed.Appx. 556, 2003 WL 22290305 (9th Cir. 2003). Defendant never filed a request for collateral review under 28 U.S.C. § 2255. In March 2011, he filed a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). Dkt. No. 94. The denial of that motion (Dkt. No. 97) was also affirmed by the Ninth Circuit. *See* U.S. v. Bobby Darnell Gwinn (*sic*), 2012 WL 826745 (9th Cir. 2012).

**Discussion**

Defendant is back before the Court seeking once again to challenge his sentence, this time pursuant to FRCrP 35(a). It is unclear on what basis Defendant believes that this Court has jurisdiction to act on his request. Rule 35(a) states:

> Within 14 days after sentencing, the court may correct a sentence that resulted from an arithmetical, technical, or other clear error.

Furthermore, as the Ninth Circuit has stated in U.S. v. Aquilar-Reyes, 653 F.3d 1053, 1056 (9th Cir. 2011), the Rule 35(a) time limitation is jurisdictional; in other words, once the 14 days elapses, the court loses jurisdiction to alter a sentence on the grounds enumerated.[1]  There are no exceptions to this rule, and neither the Ninth Circuit nor the Supreme Court has ever overruled it.

Even were the Court to construe Defendant's motion under 28 U.S.C. § 2255, it would still be time barred; the one-year time period for filing such a motion has long passed. Defendant's equitable tolling arguments are without merit – he does not allege that he was prevented from making the motion as a result of any conduct by the Government, nor does he allege any newly discovered facts.  His argument that his claim rests on a right newly recognized by the Supreme Court also fails to persuade; none of his case authority announces a right made retroactively applicable to cases on collateral review.

Because Defendant has failed to timely file his request, this Court is without jurisdiction to hear his motion, and on that basis it is DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 7, 2012.

Marsha J. Pechman
United States District Judge

---

[1] Application of the equivalent version of Rule 35(a) in effect at the time of Defendant's sentencing would be equally unavailing; previously, Rule 35(c) stated that the jurisdictional time limit was 7 days.